ROBERT W. PRAY & another vs. ROBERT WATERSTON & others.

The provision in the Rev. Sts. c. 62, § 3 — that lands acquired by a testator, after the making of his will, shall pass thereby, if such shall clearly and manifestly appear, by the will, to have been his intention — applies to wills made before those statutes took effect, as well as to wills made afterwards.

A testator, by a will executed in 1833, made the following devise: "All the rest and residue of my estate, real and personal, of which I may die seized and pos-sessed, or to which I may be in any way entitled, of whatsoever the same may consist, or wheresoever it may be situate, I give, devise and bequeath unto R. W., H. R. and F. O. W., to have and to hold the same," &c. The testator, after mak-ing his will, sold the real estate which he owned when the will was made, and acquired other real estate, after the revised statutes took effect. Held, that it ap-peared by the will, that it was the intention of the testator that the land acquired after the making of the will should pass thereby, and that it passed accordingly.

THIS was a writ of entry to recover a parcel of land in South Boston, and was submitted to the court on the agreed statement of facts which follows:

Isaac C. Pray, on the 8th of June 1833, duly made his last will, by which, after providing for the payment of his debts, he made the following disposition of his property: "All the rest and residue of my estate, real and personal, of which I may die seized and possessed, or to which I may be in any way entitled, of whatsoever the same may consist, or where-soever it may be situate, I give, devise and bequeath unto

Robert Waterston and Henry Rice, merchants, and Francis O. Watts, Esquire, all of Boston; to have and to hold the same to and to the use of them, the survivors and survivor of them, their heirs, executors and administrators and assigns, in trust, nevertheless, for the uses and purposes hereinafter expressed, and to and for no other use, intent or purpose whatsoever; that is to say," &c.

Since the decease of said Pray, the tenants have entered upon the demanded premises, and claim to hold the same in fee simple, in trust for the uses and purposes declared in said will.

At the time of executing this will, said Pray had a wife, Martha Pray, and several children, no one of whom was living at the time of his decease, with the exception of two sons, his only heirs at law, who are the demandants in this action.

After the death of Mrs. Pray, above mentioned, the testator married a second wife, who survives, by whom he never had issue.

The testator died on the 23d day of January 1846, and his said will was duly proved and allowed at a probate court held at Boston, on the 20th day of April 1846.   The tenants were therein named as executors, as well as trustees, and all of them accepted the trust, as trustees, and two of them, Messrs. Waterston and Watts, that of executors.

At the time of executing said will, said Pray was the owner of real estate, all in Massachusetts, and the greater part, and, as is believed, the whole of which elsewhere, was sold before his decease.   His title to the demanded premises, as well as to other real estate, was acquired after said will was made, and after the revised statutes went into operation.

On the foregoing facts, the parties agreed that if the court should be of opinion that the demanded premises did not pass by the said will, the tenants should be defaulted, and judgment be rendered for the demandants to recover possession; otherwise, that they should become nonsuit.

*Ellis G. Loring & G. E. Rice*, for the demandants.

*W. J. Hubbard & Watts*, for the tenants.

WILDE, J.   This case depends on the construction to be given to the will of Isaac C. Pray, and the construction of the Rev. Sts. *c.* 62, § 3, which provide that " any estate, right, or interest in lands, acquired by the testator, after the making of his will, shall pass thereby in like manner as if possessed at the time of making the will, if such shall clearly and manifestly appear, by the will, to have been the intention of the testator."

It is admitted that, without the aid of the statute, the de manded premises would not have passed by the will ; it being an inflexible rule of the common law, that no devise can pass real estate acquired after making the will, although the devise should be express that it should so pass.

The question then is, whether such estate passed by virtue of the statute.   The demandants' counsel contend that the statute is to be so construed as to apply only to wills made after the statute, and that no statute is to be so construed as to have a retrospective effect, unless it is clearly required by the language of the statute.   And this, we think, is a reasonable rule of construction in all cases where a different construction would disturb vested rights.   But even in such cases, if the language of a statute is clear and unambiguous, it must be carried into effect, although it may affect vested rights and remedies.   Such are the statutes of limitations, the statutes giving new remedies in equity, when there was before no remedy at common law, and the statute changing the tenure of real estate from joint tenancies to tenancies in common.   But the statute in question is not of this description.   It disturbs no vested rights ; for before the death of the testator, his heirs had no right whatever to any part of his estate.   This statute therefore is to be construed like other statutes, according to the meaning of its language and the intention of the legislature.

That this third section of the statute was intended to apply to all wills, whether made before or after the statute, will not, we think, admit of any reasonable doubt.   There is no reason why any such distinction should be made.   The

object of the provision was to abolish a rule of law which, in most instances, as was truly said in *Ballard* v. *Carter*, 5 Pick. 114, defeated the intention of those who devised all their estates, real and personal, as in the present instance. The remedy provided to obviate the evil applies to past as well as future wills, where the testator was living when the revised statutes took effect. If the testator had died before that time, then indeed the question as to vested rights would be involved. But no reason can be given why the intention of the testator should be defeated in this case, that would not apply to all wills. This construction is confirmed by the next section, which is limited to wills made after the statute.

The only remaining question therefore is, whether it appears clearly and manifestly, by the will, that it was the intention of the testator that all his real and personal estate, of which he should die seized and possessed, should pass by his will. And that such was his intention we cannot entertain a doubt. In the *first* place, we think that such an intention is clearly expressed by the language of the will. The words are, "all the rest and residue of my estate, real and personal, of which I may die seized, or to which I may be entitled in any way, of whatsoever the same may consist, and wheresoever it may be situate, I give, devise and bequeath," &c. If it were the intention of the testator to dispose of all the estate of which he should die seized and possessed, we can hardly imagine any language by which that intention could be more clearly expressed. And in the *second* place, it was manifestly the intention of the testator to give all the rest and residue of his property, after the payment of his debts, &c. in trust, and that the legal estate should not descend to his heirs.

It has been argued for the demandants, that the testator, in speaking of his estate, uses *verbum in præsenti*, and does not say, in general terms, 'all *the* real estate of which I may die seized,' but "my estate, real and personal, of which I may die seized," &c. But this verbal criticism does not appear to have weight, and the construction is a forced one. The testator

evidently intended to speak of his estate as it might be at the time of his death, and not as it was when he made his will.

Again ; it has been argued that it must be presumed that the testator knew the law, and that his intention was to conform to it.   But this would be a presumption against the fact, as we think clearly appears by the language of the will ; and this, as before remarked, is not the only will in which a testator has manifested a clear intention to dispose of his whole estate, real and personal, notwithstanding the rule existing before the revised statutes.

Upon the whole, therefore, we are of opinion that the demanded premises passed by the will, and did not descend to the demandants, as claimed by them.

A similar decision was lately made in the case of *Cushing* v. *Aylwin*, (*ante*, 169.)   The cases are in all respects substantially similar, except that in that case the intention of the testatrix, Elizabeth Doane, did not quite so clearly appear, as the intention of the testator does in the present case.   We were, however, of opinion that there was no reasonable doubt of her intention.

*Demandants nonsuit.*